**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-01348-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Olegario Atondo-Renteria, | |
| Defendant. | |

Defendant, Olegario Atondo-Renteria, has filed a "Request for Final Disposition of Indictment, Information, or Complaint" (hereinafter "Request") (Doc 42) to which the Government has filed a Response. (Doc. 44). The Court will deny the Request.

Defendant's Request asks "that a final disposition be made following indictment, information or complaint now pending against" him. (Doc. 42 a 2). But as the Government points out, no new charge(s) has been filed against him. (Doc. 44 at 1). So, there is no new indictment, information or complaint currently pending.

Defendant states that he is aware that a current detainer has been placed on him and regarding that "this request shall be deemed my waiver of extradition . . [and] in the alternative I would agree to a sentence in the form of a plea agreement, signed in absentia where the term imposed would be run concurrent with the sentence" he is currently serving. (Doc. 42 at 2). Because the Defendant's Request is unclear, without support in the form of documentation, and not conforming to any federal rule of procedure, it must be denied. See *Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003)(generally, courts invoke the

ripeness doctrine and refuse to decide matters which could involve "entangling themselves in abstract disagreements[.]).

The Government also asserts that any alleged supervised release violation may be addressed upon the completion of Defendant's state sentence. (Doc. 44 at 2). Indeed, the federal government is not constitutionally required to writ a defendant out of state custody and bring him into federal custody for purposes of executing a violation warrant. *United States v. Garrett*, 253 F.3d 443, 448 (9th Cir. 2001). So, if a federal detainer is pending, the federal government is within its discretion to wait until the Defendant is released from state custody to execute a federal detainer. *Id*. So, given that the writ has yet to be executed, there is nothing for the Court to further consider. Accordingly,

**IT IS ORDERED** denying the Defendant's Request (Doc. 42).

Dated this 13th day of December, 2023.

Honorable Diane J. Humetewa
United States District Judge